GReen, J.
delivered the opinion of the court.
This is a bill of discovery filed by the complainant, Hinkle, setting forth, that in 1829 the defendant obtained judgment against the Fayetteville bank for nine hundred and ten dollars besides costs; that an execution issued upon said judgment; and that the complainant was summoned, as a garnishee, to the county court of Lincoln, where the judgment had been rendered. Having appeared and been examined, the said court, at the October term, 1835, rendered judgment against him for nine hundred and ten dollars and thirty-six cents and costs; from which judgment he appealed to the circuit court, where the cause is now pending. The bill charges, that the defendant has long since been paid the full amount of his judgment against the bank, though complain *76 ant does not now tha.t he can prove such payment except defendant himself. He prays a discovery from the defendant, whether he has not received satisfaction for his said'judgment in whole or in part, in order that the answer may be used as evidence in the case now pending in the circuit court against complainant as garnishee. To this bill the defendant demurred. The chancellor allowed the demurrer, and dismissed the bill. We think the court erred in sustaining this demurrer.
The act of 1811, ch. 89, sec. 1, (C. and N., 362,) authorizes a creditor who has obtained a judgment, and whose debt- or has no property sufficient to satisfy the execution, to summon garnishees in the same manner as in cases of absconding debtors. The right of a party to hold a garnishee liable to answer depends upon the existence in his favor of an unsatisfied judgment against his debtor; for, if it be satisfied, or if the debtor have property out of which it may be satisfied,he has no right to summon a garnishee. If the judgment be satisfied, the party suing out the garnishee summonshas no right to the effects of the debtor in the hands of garnishee; and surely the garnishee may resist his recovery of it by pleading the matter by reason of which his right to a recovery is barred. It is argued by the defendant’s counsel that the bill does not allege that in the garnishee case there is any appropriate issue for the application of the testimony the bill seeks to obtain.
We do not think thatit isnecessary thata bill of discovery should set out particularly the pleadings in the cause which is pending at law so as to show what precise issues are made by the parties; it is enough if it so describe the case that the court of chancery can see that an appropriate issue may be made. This being done, .it will be taken for granted that, such issue is pending or will be formed by the parties.
Let the decree be reversed and the demurrer disallowed, and the cause remanded to the chancery court to be proceeded in.